IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEITH DAVIS** | : | CIVIL ACTION |
| *Petitioner* | : | |
| | : | NO. 20-2845 |
| v. | : | |
| | : | |
| **SUPERINTENDENT-SCI HOUTZDALE,** *et al.*, | : | |
| | : | |
| *Respondents* | : | |

**O R D E R**

    **AND NOW**, this 14th day of March 2022, upon consideration of the *pro se* petition for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 (the "Petition") by Keith Davis ("Petitioner"), [ECF 1], the *Report and Recommendation* issued by the Honorable Marilyn Heffley, United States Magistrate Judge (the "Magistrate Judge"), which recommended that the Petition be denied, [ECF 23], and Petitioner's counseled objections to the *Report and Recommendation*, [ECF 31], and after conducting a *de novo* review of the objections, it is hereby **ORDERED** that:

    1.    The *Report and Recommendation* (the "R&R"), [ECF 23], is **APPROVED** and **ADOPTED**;

    2.    The objections to the R&R, [ECF 31], are without merit and are **OVERRULED**;[1]

---

[1] In the Petition, Petitioner asserts claims premised on contentions that counsel provided ineffective assistance, and that the trial court violated his constitutional rights and Article III of the Interstate Agreement on Detainers Act (the "IADA"), 18 U.S.C. app. § 2, by imposing a sentence that was illegal because the Commonwealth returned Petitioner to his original place of imprisonment in a federal detention facility before trying him on his state charges. The Magistrate Judge issued a well-reasoned R&R and recommended that all of Petitioner's claims be dismissed. Petitioner, now with counsel, filed timely objections limited to the Magistrate Judge's recommendations as to Petitioner's first claim—that trial counsel ineffectively failed to move to dismiss the charges against Petitioner based on a violation of the antishuttling provision of Article III of the IADA. On this issue, the Magistrate Judge concluded that this claim was procedurally defaulted because the Superior Court of Pennsylvania, on review of the denial of Petitioner's petition for post-conviction relief under the Post Conviction Relief Act (the "PCRA"), found that Petitioner had waived this claim by not having presented it in his PCRA petition.

When timely objections to an R&R are filed, a court must conduct a *de novo* review of the contested portions of the R&R. *See Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)); *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). In conducting its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. 28 U.S.C. § 636(b)(1). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7.

As noted, Petitioner objects to the Magistrate Judge's finding that his first claim was procedurally defaulted. Petitioner's objections are misguided. As explained in the R&R, the Superior Court expressly found this claim waived because, though similar to the claim raised in Petitioner's PCRA, it differed substantively. Specifically, the Superior Court found that the issue raised in the PCRA was focused on the failure of the Commonwealth to try him within the requisite 180 days. *Commonwealth v. Davis*, 2019 WL 4724690, at *4 (Pa. Super. Ct. Sept. 26, 2019) ( "Because Appellant did not preserve any issue relating to his 'return to FCI-Cumberland,' the issue is waived."). As the Magistrate Judge correctly found, because the Superior Court's decision was based on independent and adequate state grounds, *i.e.*, waiver, this claim is procedurally defaulted and not subject to *habeas* review. *See Tyson v. Superintendent Houtzdale SCI*, 976 F.3d 382, 389 n.4 (3d Cir. 2020); *Leake v. Dillman*, 594 F. App'x 756, 759 (3d Cir. 2014) (holding that the Superior Court's refusal to review a claim on waiver grounds was an independent and adequate state ground). As such, Petitioner's objection to the Magistrate Judge's procedural default finding is overruled.

Notwithstanding the Superior Court's waiver conclusion and the Magistrate Judge's finding that Petitioner's claim was procedurally defaulted, both the Superior Court and the Magistrate Judge addressed the merits of the claim, in the alternative, and both found that this claim lacked merit. Petitioner objects to these findings and argues that his trial counsel was ineffective for failing to seek dismissal of all the charges against him on account of the Commonwealth returning Petitioner to his original place of federal imprisonment, before his trial on the state charges, in violation of Article III(d) of the IADA. As relevant here, the IADA requires dismissal of state law charges against a person in that state's custody if, before trying the person on the state charges, the state returns the person to the custody of another sovereign that previously held that person in custody. 18 U.S.C. app. 2, § 2, art. III(d).

The Superior Court rejected Petitioner's claim by concluding that the thirty-six-minute time period during which Petitioner was held in the receiving and discharge wing at the federal facility while continuously under the supervision of Pennsylvania authorities did not constitute a "return" of Petitioner to federal custody. *Davis*, 2019 WL 4724690, at *4 n.4. Applying the applicable "highly deferential" standard of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d), the Magistrate Judge found that the state court decision was neither contrary to nor an unreasonable application of federal law. In support of this conclusion, the Magistrate Judge pointed to a number of federal cases in which various United States Courts of Appeals have found that the IADA was not violated where the prisoner remained the custodial responsibility of the second sovereign despite a temporary physical return to the original custodian. *See* R&R, ECF 23, at pp. 14–15 (collecting cases). In light of this case law, the Magistrate Judge concluded, and this Court agrees, that the Superior Court's identical decision was not contrary to or an unreasonable application of federal law. Accordingly, Petitioner's objection is overruled.

Further, Petitioner's reliance on *Alabama v. Bozeman*, 533 U.S. 146 (2001), which the Superior Court addressed, is also misplaced. In *Bozeman*, unlike here, the defendant was returned by state authorities to his original federal place of confinement for approximately one month before being transferred a second time to state authorities for trial on his state charges. *Id*. at 151. Unlike here, it cannot be said that Bozeman had not been "returned" to the original place of confinement or its custodial care; rather, Bozeman was returned to the original prison's custody for nearly a month. As such, *Bozeman* is inapposite. Regardless,

2

3. The petition for a writ of *habeas corpus*, [ECF 1], is **DENIED**; and

4. No probable cause exists to issue a certificate of appealability.[2]

The Clerk of Court is directed to mark this matter **CLOSED**.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

in light of the clear distinction between this case and *Bozeman*, it cannot be said that the Superior Court's application of federal law, including its interpretation of *Bozeman*, was unreasonable.

In summary, this Court agrees with the Magistrate Judge's analysis and conclusions and, therefore, finds that the Magistrate Judge did not commit error in her report. Accordingly, Petitioner's objections are overruled, and the R&R is adopted and approved in its entirety.

[2] A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). For the reasons set forth in the R&R, this Court concludes that no probable cause exists to issue such a certificate in this action because Petitioner has not made a substantial showing of the denial of any constitutional right. Petitioner has not demonstrated that reasonable jurists would find this Court's assessment "debatable or wrong." *Slack*, 529 U.S. at 484. Consequently, there is no basis for the issuance of a certificate of appealability.

3